**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEFFERY STUART KILGORE, )<br>)<br>   Plaintiff, )<br>)<br>      v. )<br>)<br>BOARD OF VETERANS APPEALS, et al.,)<br>)<br>   Defendants. )<br>) | Civil Action No. 1:24-cv-03249 (UNA) |

**Memorandum Opinion**

This matter is before the Court on Plaintiff's *pro se* civil complaint and application for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. The Court grants the IFP application. For the reasons below, the Court dismisses the complaint without prejudice.

Plaintiff appears to sue the Board of Veterans' Appeals, Veterans Benefits Administration, and U.S. Secretary of Veterans Affairs, citing without further explanation to Section 503 of the Rehabilitation Act of 1973, the D.C. Human Rights Act, and to either D.C. Superior Court Criminal Rule or Federal Rule of Criminal Procedure 32.1(b)(1), which govern probation revocation or modification. *See* ECF No. 1 at 2-3. According to the complaint, Plaintiff seeks "reinstatement of military compensation since Jan, 18, 2023 [for] approx. $78,000 with 22 years prior compensation." *Id*. at 4. Plaintiff appears to assert that he was not receiving benefits due to a warrant filed against him in D.C. Superior Court, which has since been dismissed, ostensibly now changing his entitlement to the benefits claimed. *See id*. at 4; *see also* ECF No. 1-1 at 2–3. Plaintiff contends that he and his family have suffered financially without receipt of those benefits. *See id*. at 4.

The complaint is subject to dismissal because it does not contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Rule 8 standard ensures that defendants receive fair notice of the claims being asserted so that they can prepare a responsive answer and an adequate defense. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). As drafted, it is unclear what type of military benefits or compensation Plaintiff seeks or how he is entitled to them, including whether he ever received them or when they were revoked, if at all. Plaintiff attaches a letter from the Board of Veterans' Appeals indicating that, in September 2024, he noted a pending administrative appeal. *See* ECF No. 1-1 at 4–5. But Plaintiff does not indicate that he ever received a final agency decision, nor does he provide any details regarding the nature of his underlying agency claim. *See* 5 U.S.C. § 704

The Court also advises Plaintiff's that challenges to decisions "affecting the provision of veterans' benefits" are generally the exclusive province of the Court of Veterans Appeals and the United States Court of Appeals for the Federal Circuit. *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (per curiam); *see Hunt v. U.S. Dep't of Veterans Affairs*, 739 F.3d 706, 707 (D.C. Cir. 2014) (per curiam) (citing 38 U.S.C. § 511(a)); *Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005). "Benefit means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e). It is thus possible that even if Plaintiff amended his complaint to provide notice of his claims, this Court would lack subject matter jurisdiction over the claims. *see Van Allen v. Dep't of Veterans Affairs*, 925 F. Supp. 2d 119, 125 (D.D.C. 2013) (holding that federal "[d]istrict courts are explicitly deprived of

jurisdiction to review any claim made by the VA 'that affects the provision of benefits . . . to veterans'") (quoting 38 U.S.C. § 511); *Price*, 228 F.3d at 422 ("[C]ourts have consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction." (citations omitted)).

The Court accordingly dismisses Plaintiff's complaint without prejudice. A separate order accompanies this memorandum opinion.

Date:   February 3, 2025                    /s/_____
                                                    AMIR H. ALI
                                                    *United States District Judge*